AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Fang Xin He | ) | Case No. 2:11 M 213 |
| Ibrahim Ates | ) | |
| | ) | |
| Defendant(s) | ) | |

RECEIVED CLERK'S OFFICE

2011 FEB 15 A 11: 32

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __December 1, 2010__ in the county of __Colleton__ in the _____ District of __South Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a) | Possess with Intent to Distribute a Quantity of Marijuana |
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Quantity of Marijuana |

This criminal complaint is based on these facts:
See Attached Affidavit

☒ Continued on the attached sheet.

_____
Complainant's signature

Victor R. Gomez, Special Agent, ICE
Printed name and title

Sworn to before me and signed in my presence.

Date: February 15, 2011

_____
Judge's signature

City and state: Charleston, SC

The Hon. Bruce H. Hendricks, U.S. Magistrate
Printed name and title

**AFFIDAVIT**

I, Victor R. Gomez, being duly sworn, depose and state:

1. This affidavit contains information in support of an application for an arrest warrant and criminal complaint charging Fang Xin HE (Alien Registration Number - A099682963) and Ibrahim ATES (Alien Registration Number - A076739001) with possession with intent to distribute a quantity of marijuana, a schedule I substance under the controlled substance act (CSA), in violation of 21 U.S.C. § 841(a) and conspiracy to possess with intent to distribute a quantity of marijuana, a schedule I substance under the controlled substance act (CSA), 21 U.S.C. § 846.

2. I am a Special Agent employed by the United States Immigration and Customs Enforcement ("ICE") under the Department of Homeland Security ("DHS"). I am presently assigned to the Homeland Security Investigations ("HSI") Office in Charleston, SC (RAC/CT). I have been employed by ICE/HSI, and its predecessor, the Immigration and Naturalization Service ("INS") as a United States Border Patrol Agent since June 2, 1997, and transferred to Investigations as a Special Agent on September 9, 2002. My duties and responsibilities as an ICE/HSI Special Agent involve conducting investigations related to enforcement of immigration, customs, and other violations against the United States, which also includes the enforcement of both criminal and

administrative violations under the Immigration and Nationality Act (INA). I have successfully completed the Border Patrol Training Academy at the Federal Law Enforcement Training Center (FLETC) in Charleston, South Carolina. I have also successfully completed the Criminal Investigators Training Program at the FLETC in Glynco, Georgia, and have received extensive training and experience related to investigating and enforcing immigration, customs, and other criminal laws of the of the United States.

3. The facts and information contained in this affidavit are based on personal knowledge, as well as on the observations of other agents and Deputies involved in this investigation. This affidavit contains information necessary to support probable cause and is not intended to include each and every fact and matter observed by me or known to the government.

4. On December 1, 2010, Deputies from the Colleton County Sheriff's Office (CCSO) contacted the ICE/HSI office in Charleston, SC regarding a case involving two subjects arrested for transporting approximately 92 lbs. of marijuana.

5. The two subjects were identified as Fang Xin HE (FANG), of China, and Ibrahim ATES (ATES), of Turkey. ICE record checks identified both subjects as being aliens illegally in the United States who have been ordered removed by an Immigration Judge.

2

Records furthers indicate that HE was ordered removed on February 11, 2009, but has filed an appeal. Records also show that ATES was ordered removed on October 31, 2000, and was listed as an ICE absconder for failing to surrender.

6. The CCSO Deputy involved in the case reported that on December 1, 2010 a vehicle bearing New York license plate FCV2318 was stopped for driving 74 miles per hour in a 70 mile per hour speed limit zone, as well as weaving within a lane and crossing over a lane while passing a truck, at mile marker 51 on the south bound side of interstate 95 in Colleton County. Upon approaching the vehicle the Deputy noticed that the driver, who was later identified as ATES, appeared to be very nervous, and the Deputy could smell the odor of fresh marijuana coming from the vehicle. The Deputy also noticed a passenger, who was later identified as FANG, sleeping in the back seat of the vehicle.

7. ATES was asked to step out of the vehicle. ATES told the Deputy he was traveling to Florida to visit his family and identified the passenger as being his friend who was going to Florida with him. ATES said his friend was just hanging out with him because he had never been to Florida. ATES said they were traveling somewhere near Orlando and were staying for two or three days. ATES was asked where they worked and said he drove a truck and that his friend owned a 99 cent store.

3

8. FANG was questioned next about where they were traveling. FANG told the Deputy they were traveling to visit with his family and said they would be in Florida for two days. The Deputy asked FANG where he worked and said worked at a Chinese restaurant delivering food. The Deputy reported that FANG also appeared very nervous and that the smell of marijuana was stronger while speaking with FANG.

9. The Deputy found that ATES and FANG's accounts were inconsistent, and when another Deputy arrived, he ran his K-9 unit, a dog trained to detect drugs, around and through the vehicle. The K-9 alerted to the passenger side door and a large black bag located in the rear cargo area of the vehicle, indicating that drugs were present. Other bags were located in the same area, and the Deputy asked the driver and passenger if the bags belonged to them, and ATES said yes. ATES further identified a large bag, a box, and a small purse as belonging to him and said two remaining big bags belonged to FANG. FANG denied ownership of the bags and said the bags were not his.

10. The Deputy opened the back door of the vehicle and continued to smell a strong odor of marijuana from the cargo area. One of the three large bags in the rear cargo area where the dog alerted was opened and several bundles of green plant material, believed to be marijuana, were discovered.

4

11. The Deputy placed both subjects under arrest and informed them of their Miranda Warnings.

12. Both subjects were asked questions about who owned the marijuana and how much marijuana was there. Both responded that they did not know.

13. ATES and FANG were transported and booked into the Colleton County jail. The green plant material was seized from the vehicle, and a field test conducted at a county facility was positive for marijuana. On February 10, 2011 the material was further tested by the CCSO drug lab, and found to be Marijuana. The total lab weight was approximately 34 Kilograms.

14. On December 10, 2010, Special Agent (SA) Victor Gomez questioned ATES at the Charleston County Detention Center. ATES identified himself as a citizen and national of Turkey born on December 1, 1966. ATES said he arrived to the U.S. around July of 1987 on board a cargo ship.

15. Prior to being further questioned ATES was advised of his Miranda Warnings, which he stated he understood and waived. SA Joseph Brim witnessed the interview.

16. During the interview ATES admitted that he and FANG were driving to a hotel in Florida to meet someone but did not know who. ATES said he was going to be paid $3,000.00 in cash for delivering the "weed." ATES admitted to knowing that it was

5

"weed" they were transporting and that FANG was the person that was going to pay him $3000.00 upon delivery of the drugs to the person in Florida.

17. ATES said the marijuana was picked up from a residence in Brooklyn and that they were delivering it to someone at a hotel in Orlando.

18. ATES said he drove because FANG did not have a valid driver's license. ATES said FANG talked to him about transporting the marijuana about four days before they left.

19. ATES said the three bags with the marijuana were loaded into the vehicle during the evening on or about November 29, 2010, by FANG and other unknown subjects.

20. ATES said FANG drove his black his Black Toyota SUV to drive him to the location where they rented the vehicle used to transport the marijuana. ATES said he then followed FANG to a Burger King where he parked and left his SUV. ATES said FANG then drove the rental vehicle to the location where the drugs were picked up and across a bridge before letting him drive.

21. ATES stated FANG used his credit card to pay for gas and an EZ Pass to pay for tolls.

22. Based on the foregoing information described above, I submit that probable cause exists to believe that Fang Xin HE and Ibrahim ATES did possess with the intent to distribute a

quantity of marijuana, a schedule I substance under the controlled substance act (CSA), in violation of 21 U.S.C. § 841(a) and also conspired to possess with the intent to distribute a quantity of marijuana with each other, and other unknown suspects, in violation of 21 U.S.C. § 846. I respectfully request that the Court issue a warrant ordering their arrest for such crimes.

This affidavit was reviewed by AUSA Nathan Williams

_____
Victor R. Gomez, Special Agent
U.S. Immigration & Customs Enforcement
Homeland Security Investigations

Subscribed and sworn to before me this 15th day of February, 2011.

_____
Hon. Bruce H. Hendricks
United States Magistrate Judge

7